**KOLLER LAW LLC**  *Counsel for Plaintiff*
David M. Koller, Esq. (90119)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Daryl Shelton** : | **Civil Action No.** |
| **304 High Street** : | |
| **Sharon Hill, PA 19079** : | |
|     **Plaintiff,** : | |
| : | |
| v. : | **Complaint and Jury Demand** |
| : | |
| **Natural Soy, LLC d/b/a** : | |
| **Keystone Natural Holdings, LLC** : | |
| **600-A Kaiser Drive** : | |
| **Folcroft, PA 19032** : | |
| : | |
|     **Defendants.** : | |

### CIVIL ACTION

Plaintiff, Daryl Shelton (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against Nature Soy, LLC d/b/a Keystone Natural Holdings, LLC (hereinafter "Defendant"), for violations of the Americans with Disability Act 1990 ("ADA"), as amended, Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, and the Pennsylvania Human Relations Act ("PHRA").In support thereof, Plaintiff avers as follows:

### THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Keystone Natural Holdings Inc. is a manufacturing company

with headquarters at 600-A Kaiser Drive, Folcroft, PA 19032. Nature Soy, LLC was acquired by Keystone Natural Holdings Inc, and has an office located at 713 N. 10th St. Philadelphia, PA 19123.

4. Plaintiff was employed by Nature Soy, LLC, and through Nature Soy's acquisition was thus employed by Keystone Natural Holdings Inc.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

6. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

7. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

8. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

9. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and

seeks redress for violations of federal law.

10. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

11. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

12. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

13. Plaintiff exhausted administrative remedies under the ADA, Title VII, and PHRA.

14. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination, gender discrimination, and retaliation against Defendant.

15. The Charge was assigned Charge Number 530-2022-07170 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

16. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated March 21, 2023. Plaintiff received the notice by electronic mail.

17. Prior to the filing of this action, Plaintiff notified the EEOC of intent to proceed with a lawsuit in federal court.

18. Plaintiff files the instant Complaint within ninety (90) days of receipt of Right to Sue in this matter.

19. Plaintiff has exhausted administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

### PLAINTIFF'S EMPLOYMENT HISTORY WITH DEFENDANT

20. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

21. On May 9, 2022, Defendant hired Plaintiff in the position of Production Worker.

22. Plaintiff was well qualified for his position and performed well.

23. On June 30, 2022, Defendant terminated Plaintiff.

### PLAINTIFF HAS A DISABILITY

24. On May 18, 2022, Plaintiff suffered a workplace injury at Defendant.

25. Plaintiff injured his foot when he hit it at the bottom of a machine. Plaintiff's foot swelled so much that Plaintiff had difficulty standing.

26. Plaintiff reported Plaintiff's workplace injury to the his Supervisor, Evan (Last Name Unknown), who instructed Plaintiff to go home.

27. On May 20, 2022, Plaintiff went to Vybe Urgent Care in Folsom, PA for treatment. The treating physician informed Plaintiff that his foot injury looked like a cyst and referred Plaintiff to a Podiatrist.

28. Later that day, Plaintiff reported to work at Defendants.

29. Evan would not allow Plaintiff to work and sent Plaintiff home.

30. Plaintiff's condition constituted a disability under the ADA and PHRA and/or Defendant regarded Plaintiff as disabled under the meaning of said statutes.

## DEFENDANT UNLAWFULLY TERMINATED DEFENDANT BASED ON PLAINTIFF'S DISABILITY THEN REVERSED DECISION

31. In or around the end of May 2022, Plaintiff received a termination letter for absences from Amy Han, Human Resources Manager.

32. Upon receipt, Plaintiff called Ms. Han and informed her that Plaintiff had been injured at work and that Evan had sent him home.

33. Plaintiff believes that Evan had not reported Plaintiff's workplace injury to Ms. Han.

34. Ms. Han instructed Plaintiff to disregard the termination letter and to complete worker's compensation paperwork.

35. Plaintiff followed Ms. Han's instructions.

## DEFENDANT DISCRIMINATED AGAINST PLAINTIFF BASED ON SEX

36. On June 7, 2022, Plaintiff had a surgical operation to treat foot injury.

37. Plaintiff was medically cleared to return to work on June 22, 2022 and notified Defendant of his return to work date.

38. Plaintiff returned to work on June 22, 2022. On or about that day, Melvin Gay, Line Supervisor, informed Plaintiff that Evan was only allowing female employees to have a second break and that male employees would only receive one (1) break.

39. Plaintiff complained to Evan about this break policy and believed it to be discriminatory based on gender.

40. Plaintiff believes similarly situated females were treated more favorably than men.

41. Evan responded by telling Plaintiff that female employees work harder, and then placed Plaintiff in a different location.

42. Later in Plaintiff's shift, Mr. Gay informed Plaintiff that Evan would allow Plaintiff to have a second break.

## **DEFENDANT ENGAGED IN PROTECTED ACTIVITY BY REPORTING DISCRIMINATORY POLICY TO DEFENDANT**

43. The next day, on June 23, 2022, Plaintiff reported Evan's discriminatory gender-based break policy to Ms. Han.

44. Ms. Han informed Plaintiff that she would conduct an investigation and that Plaintiff needed to be sent home during it. She stated further that Plaintiff would get paid for the days that Plaintiff missed if Plaintiff's complaint was founded, but Plaintiff would not be paid if it was unfounded.

45. Plaintiff complained to Ms. Han about this unfounded vs. founded rule, but followed her direction.

46. On June 27, 2022, Ms. Han called Plaintiff and informed him that her investigation into the complaint was inconclusive, and that she was closing it.

47. Plaintiff notified Ms. Han that Plaintiff intended to file a Charge with the EEOC over it.

48. Ms. Han then told Plaintiff that she would keep her investigation open.

## **DEFENDANT UNLAWFULLY RETALIATED AGAINST PLAINTIFF BY FALSELY ACCUSING PLAINTIFF OF PERFORMANCE DEFICIENCIES.**

49. Ms. Han informed Plaintiff that Mr. Gay had notified her of Plaintiff's alleged performance deficiencies.

50. These allegations were false, as Plaintiff had never been notified of any performance deficiencies before this.

## **DEFENDANT UNLAWFULLY RETALIATED AGAINST PLAINTIFF BY FALSELY REPORTING FEELING THREATENDED TO POLICE**

51. On June 29, 2022, Plaintiff asked Mr. Gay to confirm what he had told Plaintiff about Evan's direction that male employees would get one (1) break and female employees would receive two (2) breaks.

52. Mr. Gay became upset and reported to Ms. Han that Plaintiff had threatened him.

53. Mr. Gay's statement was not true. Plaintiff did not threaten Mr. Gay.

54. Plaintiff called the Folcroft Police Department to ensure that it was recorded that Plaintiff did not threaten Mr. Gay or anyone else.

55. However, Ms. Han reported to the Folcroft Police Department that Plaintiff had been terminated and that she did not feel safe around Plaintiff.

56. Ms. Han's statement was not true. Plaintiff had not been terminated and Plaintiff did not give any employee a reason not to feel safe around Plaintiff.

57. The Folcroft Police Department confirmed that Plaintiff did not threaten anyone at Defendants.

### DEFENDANT UNLAWFULLY RETALIATED AGAINST PLAINTIFF BY TERMINATING PLAINTIFF AFTER PLAINTIFF ENGAGED IN PROTECTED ACTIVITIES

58. On June 30, 2022, Defendant abruptly terminated Plaintiff's employment allegedly due to violent conduct and attempting to interfere with an investigation.

59. These allegations were not true.

60. It is Plaintiff's position that he was discriminated against due to Plaintiff's disability and gender, and retaliated against for voicing his concerns to management of the discriminatory treatment, reporting the discriminatory gender-based break policy to Defendant, and stating to Defendant that he would file an EEOC charge, in violation of the ADA, Title VII, and PHRA.

### COUNT I
### DISABILITY DISCRIMINATION IN VIOLATION OF
### THE AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

61. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

62. Plaintiff is a "qualified individual with a disability" as that term is defined under the ADA because Plaintiff has, or had at all time relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

63. Plaintiff was qualified to perform the job.

64. Plaintiff's supervisor was aware of Plaintiff's disability.

65. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

66. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

67. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff.

68. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

69. The purported reason for Defendant's decision is pretextual.

70. Others similarly situated outside of Plaintiff's protected class were treated more favorably.

71. The above actions by Defendant also constitute an unlawful termination based on Plaintiff's disability.

72. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE,** Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, infra.

### COUNT II
### DISABILITY DISCRIMINATION IN VIOLATION OF
### THE PENNSYLVANIA HUMAN RELATIONS ACT

73. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

74. Plaintiff is a "qualified individual with a disability" as that term is defined under the PHRA because Plaintiff has, or had at all time relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

75. Plaintiff was qualified to perform the job.

76. Plaintiff's supervisor was aware of Plaintiff's disability.

77. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

78. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

79. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff.

80. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

81. The purported reason for Defendant's decision is pretextual.

82. Others similarly situated outside of Plaintiff's protected class were treated more favorably.

83. The above actions by Defendant also constitute an unlawful termination based on Plaintiff's disability.

84. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE,** Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, infra.

## COUNT III
## GENDER DISCRIMINATION IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

85. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

86. Plaintiff is a member of protected classes in that he is a male.

87. Plaintiff is qualified for his position.

88. Similarly situated persons outside of Plaintiff's protected classes were treated more favorably than Plaintiff.

89. Defendant treated women more favorably than men under discriminatory break policy.

90. Circumstances exist related to the above-cited employment actions that give rise to an inference of discrimination.

91. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

92. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

93. Defendant terminated Plaintiff.

94. As a result of Defendant's unlawful gender discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE,** Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, infra.

### COUNT IV
### GENDER DISCRIMINATION IN VIOLATION OF
### THE PENNSYLVANIA HUMAN RELATIONS ACT

95. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

96. Plaintiff is a member of protected classes in that he is a male.

97. Plaintiff is qualified for his position.

98. Similarly situated persons outside of Plaintiff's protected classes were treated more favorably than Plaintiff.

99. Defendant treated women more favorably than men under discriminatory break policy.

100. Circumstances exist related to the above-cited employment actions that give rise to an inference of discrimination.

101. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

102. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

103. Defendant terminated Plaintiff.

104. As a result of Defendant's unlawful gender discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE,** Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, infra.

## COUNT V
## RETALIATION IN VIOLATION OF
## THE AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

105. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

106. Plaintiff engaged in ADA protected activity when Plaintiff vocalized his concerns to management of the discriminatory treatment, reported the discriminatory gender-based break policy to Defendant, and stated to Defendant that he would file an EEOC charge.

107. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, falsely accusing Plaintiff of poor performance, falsely reporting to the police that Plaintiff threatened Defendant's employees, and unlawful termination.

108. There exists a causal connection between Plaintiff's protected activity and the adverse employment actions.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, infra.

## COUNT VI
### RETALIATION IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT

109. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

110. Plaintiff engaged in Title VII protected activity when Plaintiff vocalized his concerns to management of the discriminatory treatment, reported the discriminatory gender-based break policy to Defendant, and stated to Defendant that he would file an EEOC charge.

111. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, falsely accusing Plaintiff of poor performance, falsely reporting to the police that Plaintiff threatened Defendant's employees, and unlawful termination.

112. There exists a causal connection between Plaintiff's protected activities and the adverse employment actions.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, infra.

## COUNT VII
### RETALIATION IN VIOLATION OF
### THE PENNSYLVANIA HUMAN RELATIONS ACT

113. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

114. Plaintiff engaged in PHRA protected activity when Plaintiff vocalized his concerns to management of the discriminatory treatment, reported the discriminatory gender-based break policy to Defendant, and stated to Defendant that he would file an EEOC charge,

115. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, falsely accusing Plaintiff of poor performance, falsely reporting to the police that Plaintiff threatened Defendant's employees, and unlawful termination.

116. There exists a causal connection between Plaintiff's protected activities and the adverse employment actions.

**WHEREFORE,** Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, infra.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Daryl Shelton, requests that the Court grant Plaintiff the following relief against Defendant:

(a) Compensatory damages;

(b) Punitive damages;

(c) Liquidated damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADA, Title VII and PHRA.

(j) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

KOLLER LAW, LLC

Date: June 20, 2023

By :/s/ *David M. Koller*
David M. Koller, Esquire (90119)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com

*Counsel for Plaintiff*